UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN REED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. FOX, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0275 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with this civil rights action, requests appointment of counsel. Plaintiff explains that he has relied on the help of another inmate to prepare and file this request as well as his civil rights complaint, which is 121 pages including exhibits, and names over 20 defendants. The court has not yet had an opportunity to screen the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff states that appointment of counsel is warranted due to his medical needs and disabilities, including paraplegia, limited cognitive abilities and developmental disabilities which "make it nearly impossible to adequately, meaningfully, and effectively present the claims, arguments and supportive law to the facts of this case, in a constitutional manner." ECF No. 3 at 2.

Plaintiff is informed that district courts lack authority to require an attorney to represent an indigent prisoner in a Section 1983 case. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary

assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting appointment of counsel.

At this time, the court finds plaintiff's request for appointment of counsel premature. The court has not yet had the opportunity to screen plaintiff's lengthy and detailed complaint pursuant 28 U.S.C. § 1915A, and therefore cannot assess whether the complaint states potentially cognizable legal claims demonstrating a likelihood of success on the merits; whether the legal claims are sufficiently complex to benefit from legal assistance; or whether plaintiff should be able to pursue his allegations and claims pro se. For these reasons, pending screening of the complaint, plaintiff's motion for appointment of counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel, ECF No. 3, is denied without prejudice.

DATED: September 26, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE