UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN REED,

             Plaintiff,

    v.

ROBERT W. FOX, et al.,

             Defendants.

No.  2:19-cv-00275 AC

ORDER

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    I.      <u>Application to Proceed In Forma Pauperis</u>

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

§ 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

"frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

1   cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

8   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12      III.    Complaint

13      The complaint sets forth twenty-one claims against twenty-one defendants. All claims

14  arise from a broken leg that plaintiff suffered in a fall on September 19, 2016 at the California

15  Medical Facility (CMF), and the subsequent care that he received in relation to that injury and

16  resulting complications. The complaint alleges as follows.[1]

17      Plaintiff is a paraplegic. Prior to his fall, another inmate had fallen in the shower at CMF

18  due to an ADA handrail that came off the wall. A lawsuit had put CMF officials on notice of this

19  problem. On September 19, 2016, plaintiff fell. The body of the complaint does not specify how

20  or where he fell, though it is plain he attributes the fall to "faulty ADA fixtures." Plaintiff was

21  transported to San Joaquin General Hospital (SJGH) with a broken leg. There Dr. Le ordered a

22  cast or splint be placed on plaintiff's insensate leg, knowing it would cause problems. When

23  plaintiff returned to CMF, he predictably developed bedsores. Plaintiff returned to SJGH

24  repeatedly in October 2016 for post-operative care and for treatment of complications and pain.

25  _____

26  [1] Approximately 90 pages of documents are attached to the complaint as exhibits, including
    multiple inmate grievances, however the body of the complaint does not cite to most of these by

27  exhibit number or page number. It is not the responsibility of the court to sift through
    voluminous exhibits in search of facts to support plaintiff's claims. Accordingly, the summary

28  and analysis above are limited to the allegations set forth in the body of the complaint.

1   Numerous complaints and requests regarding plaintiff's care were rejected or ignored by

2   various medical providers and administrators at CMF, resulting in plaintiff's continued pain and

3   suffering.  Plaintiff's complaints regarding the ADA grab bar were also rejected or inadequately

4   addressed.

5   In November 2016 plaintiff complained about Officer Dizon, and Dizon responded with

6   retaliatory ADA discrimination.  Complaints about the retaliation were rejected or ignored.

7   Prison administrators conspired to retaliate by telling Dizon about the staff misconduct complaint

8   that plaintiff had submitted.  As proceedings regarding the staff complaint continued through late

9   2016 and into 2017, various defendants interfered and made false statements.  Plaintiff's ongoing

10   complaints about his bedsores and inadequate treatment were also wrongfully ignored or rejected

11   on false grounds.

12   IV.   Failure to State a Claim

13   A.   Claims One Through Ten: Unsafe Condition

14   Claims One through Ten allege that various defendants were aware of improperly

15   supported or installed ADA fixtures and failed to take remedial action, thus violating plaintiff's

16   Eight Amendment rights.  Claim One is stated against CMF Warden Fox; Claim Two against

17   Chief Deputy Warden Cueva; Claim Three against Associate Warden Wofford, the ADA

18   Coordinator; Claim Four against Pryor, Associate Warden of Business Services; Claim Five

19   against Strickland, the CMF Appeals Coordinator; Claim Six against Dominguez, a Captain at the

20   Office of Appeals in Sacramento; Claim Seven against Lewis, Deputy Director of the Office of

21   Appeals in Sacramento; Claim Eight against Voong, Chief at the Office of Appeals in

22   Sacramento; Claim Nine against Russell, a maintenance supervisor at CMF; and Claim Ten

23   against Blank, another CMF maintenance supervisor.

24   All of these claims fail, first and foremost because the complaint does not explain how

25   plaintiff was injured and what specific unsafe condition caused his fall.  Without this information,

26   the court cannot determine whether any defendant's failure to take particular corrective action

27   implicates the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994)

28   ////

1  (Eighth Amendment violated where prison official is aware of an excessive risk to plaintiff's

2  safety, and deliberately ignores it).

3  Moreover, the claims against some defendants appear to be based on failure to correct

4  dangerous conditions *after* plaintiff's injury.  Failure to correct a dangerous condition only

5  supports an Eighth Amendment claim if it caused plaintiff's particular injury.  See generally,

6  Rizzo v. Goode, 423 U.S. 362 (1976) (§ 1983 defendant liable only for harms caused by his own

7  actions).  Similarly, authoring or signing off on an inmate appeal decision regarding a completed

8  harm does not contribute to the harm and therefore does not support liability.[2]  See George v.

9  Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

10  In order to state an unsafe condition claim against any individual defendant, plaintiff must

11  plainly state facts showing that the defendant was actually aware of a serious risk to plaintiff's

12  safety, was in a position to prevent harm to plaintiff, and failed to do so.  See Farmer, 511 U.S. at

13  834, 837.  The conclusory allegation that a defendant was aware of the risk is not enough.

14  Constructive notice is also not enough.  Harrington v. Scribner, 785 F.3d 1299, 1304 (9th Cir.

15  2015).

16  Plaintiff must also plead specific facts showing each defendant acted with deliberate

17  indifference to his safety, which is a subjective state of mind more culpable than negligence.  See

18  Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (deliberate indifference standards govern

19  an Eighth Amendment claim that prison officials unconstitutionally failed to accommodate the

20  safety needs of a disabled prisoner).

21  The facts must show that defendants' failure to fix the danger caused plaintiff's injury.

22  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

23  deprivation of a constitutional right if he does an act, participates in another's act or omits to

24  _____

25  [2]  Claims Two through Eight are primarily based on various defendants' handling of inmate
   appeals that followed plaintiff's fall.  The mishandling of inmate appeals does not violate the

26  Constitution, because inmates are not entitled to a specific grievance procedure.  See Ramirez v.
   Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

27  Moreover, the inclusion of false information does not violate the Constitution.  See Sprouse v.
   Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir.

28  1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984).

1   perform an act he is legally required to do that causes the alleged deprivation).  Failure to

2   remediate *following* plaintiff's injury does not support liability, because that cannot have caused

3   plaintiff's injury.  Also, no defendant can be liable for an unsafe condition on the basis of his or

4   her general supervisory or administrative responsibilities, as there is no respondeat superior

5   liability under § 1983.  See Iqbal, 556 U.S at 676; Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.

6   2011).

7          B.  Claim Eleven: Retaliation and Unnecessary and Wanton Infliction of Pain

8          Plaintiff alleges that Officer Dizon retaliated against plaintiff for filing a complaint about

9   his fall, and then participated in a conspiracy to punish plaintiff for filing a staff complaint.

10  Dizon allegedly forced plaintiff to transfer to a hard bench (presumably from a wheelchair)

11  without proper assistance, causing plaintiff's foot and bedsores to bleed.  It is unclear to the

12  undersigned whether there were one or two instances of transfer causing bleeding and pain.  See

13  ECF No. 1 at 21.  No dates or details are provided.  Claim Eleven does not contain enough facts

14  for the court to determine whether plaintiff may state a claim against Dizon.

15         To state a claim for retaliation, plaintiff must state facts establishing that (1) Dizon took

16  specified adverse action against plaintiff (2) because of (3) conduct of plaintiff's that was

17  protected by the First Amendment, and that the adverse action (4) chilled plaintiff's exercise of

18  his rights and (5) did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson,

19  408 F.3d 559, 567-68 (9th Cir. 2005).  Assuming that the alleged unsafe transfers were the

20  adverse actions at issue, plaintiff has not provided any facts showing that Dizon hurt him (or

21  handled the transfers unsafely) out of a desire to punish plaintiff for filing complaints.

22         The unnecessary and wanton infliction of pain violates the Eighth Amendment, Hudson v.

23  McMillian, 503 U.S. 1, 5 (1992), but plaintiff has not provided facts regarding precisely what

24  Dizon did and how he did it that would show he intentionally reopened plaintiff's wounds.

25  Accordingly, the Eighth Amendment claim against Dizon is not suitable to proceed.

26         C.  Claims Twelve Through Nineteen: Medical Care within CDCR

27         These claims challenge the medical care that plaintiff received from prison medical staff

28  after his fall, including the ongoing problems with sores on his casted/splinted leg.  Claims

1    Twelve through Eighteen are stated against CMF doctors: Claim Twelve against Dr. Pai; Claim

2    Thirteen against Dr. Trimbur; Claim Fourteen against Dr. Mathis; Claim Fifteen against Dr. Bick,

3    the Chief Medical Executive; Claim Sixteen against Dr. Horch, Chief Medical Officer; Claim

4    Seventeen against Dr. Garbasi, also identified as Chief Medical Officer; and Claim Eighteen

5    against Dr. Prevette, a Health Program Manager. Claim Nineteen is stated against Dr. Blain,

6    Chief Medical Executive at CSP-Lancaster, where plaintiff was transferred from CMF.

7         Inadequate medical care violates the Eighth Amendment when the acts and omissions of

8    prison officials are "sufficiently harmful to evidence deliberate indifference to serious medical

9    needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff's allegations must show both that

10   his medical needs were objectively serious, and that defendants possessed a sufficiently culpable

11   state of mind. See Wilson v. Seiter, 501 U.S. 294, 299 (1991). The requisite state of mind.

12   "deliberate indifference," is more than negligence or medical malpractice. Farmer, 511 U.S. at

13   835-837. Rather, deliberate indifference is established only where the defendant subjectively

14   knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391

15   F.3d 1051, 1057 (9th Cir. 2004). Plaintiff must plead facts demonstrating both "(a) a purposeful

16   act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

17   indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

18        Plaintiff has not identified treatment directly provided to him or withheld from him by any

19   of the doctor defendants that is alleged to have been deliberately indifferent. It appears that

20   doctors Pai and Trimbur may have been plaintiff's treating physicians, but the allegations as to

21   each are identical and very general; there is no information about dates of care, details of

22   treatment, or expressions of deliberate indifference. Claims Fourteen through Nineteen appear to

23   involve the handling of complaints and inmate appeals regarding medical care. To the extent that

24   such appeals sought care for ongoing unmet needs, and were resolved with deliberate indifference

25   to plaintiff's suffering, there may be a cognizable theory for relief. Nonetheless, plaintiff does

26   not state a claim as to any defendant without factual allegations demonstrating that defendant's

27   culpable state of mind. The allegations now before the court suggest no more than negligence or

28   medical malpractice, which does not violate the Constitution.

1    D.  Claims Twenty and Twenty-One: Private Medical Providers

2        Claim Twenty alleges that San Joaquin General Hospital (SJG) violated the Eighth

3    Amendment by providing substandard care, specifically splinting or casting an insensate leg,

4    foreseeably causing bedsores.  Claim Twenty-One makes the same allegations against Dr. Le of

5    SJGH.

6        Section 1983 claims do not lie against purely private entities or against persons who are

7    not acting on behalf of the state.  West v. Atkins, 487 U.S. 42, 58 (1988).  As a general matter,

8    private hospitals and doctors are not state actors and therefore cannot be sued under § 1983.  See

9    Briley v. California, 564 F.2d 849, 855-856 (9th Cir. 1977).  Plaintiff alleges that care was

10   provided by SJGH and Dr. Le pursuant to contracts with CDCR, but that indicates only that the

11   state was obliged to pay for plaintiff's care; it is not enough to establish § 1983 liability.  Plaintiff

12   must plead facts demonstrating that the actions of private defendants are attributable to the state.

13   Grijalva v. Shalala, 152 F.3d 1115, 1119 (9th Cir. 1998), vacated on other grounds, 526 U.S.

14   1096 (1999).

15   V.    Leave to Amend

16       For the reasons explained above, the complaint fails to state a claim for relief against any

17   defendant and therefore it will not be served.  However, because plaintiff may be able to cure

18   some of the defects by clarifying or adding facts, he will be granted leave to amend.

19       If plaintiff chooses to file a first amended complaint, he must demonstrate how the

20   conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

21   v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

22   each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

23   Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

24   or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

25   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

26   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

27   268 (9th Cir. 1982) (citations omitted).

28   ////

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint has been screened and the court finds that the facts you have alleged are not enough to state a claim for relief.  Therefore the complaint will not be served.

You are being given the chance to amend your complaint.  To state a claim for relief against any particular defendant, you have to state facts showing that the person was actually aware of a threat to your safety (such as defective handrails) or a serious medical need (such as bedsores), failed to do anything about it because that person did not care (was "deliberately indifferent"), and that you were harmed by what they did or didn't do.  An amended complaint should include the basic facts of how you broke your leg, who knew about the danger in advance and failed to address it, and who provided or denied medical care afterwards.  The court will not read through lots of exhibits trying to figure out what happened.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

////

////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint has been screened and found not to state a claim for relief. Plaintiff is granted leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. Plaintiff's motion for case screening and service, ECF No. 8, is GRANTED to the extent that the complaint has been screened, and is otherwise DENIED.

DATED: April 13, 2021

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE