UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN REED,

    Plaintiff,

v.

ROBERT W. FOX, et al.,

    Defendants.

No. 2:19-cv-00275 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. The First Amended Complaint, ECF No. 14, is before the court for screening.

I.    Background

Plaintiff's original complaint, ECF No. 1, set forth twenty-one claims against twenty-one defendants. The undersigned screened the complaint pursuant to 28 U.S.C. § 1915A(a) and found that it did not state a cognizable claim for relief against any defendant. ECF No. 9. Plaintiff was granted leave to amend, and was provided information regarding pleading standards and the elements of his various attempted claims for relief. Id. The First Amended Complaint, ECF No. 14, helpfully refines the issues and presents three claims against three defendants.

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The claims of the FAC, like those of the original complaint, arise from a broken leg that plaintiff suffered in a fall on September 19, 2016 at the California Medical Facility (CMF), and the subsequent care that plaintiff received in relation to that injury and resulting medical complications. The FAC names as defendants the former warden of CMF, Robert W. Fox; Dr. Usha Pai; and Dr. Trimbur. The court appreciates plaintiff's succinct presentation of his claims in the FAC, and the narrowing of claims and defendants to target plaintiff's primary concerns.

Claim One, which appears to be stated against Warden Fox, alleges that plaintiff 's Eighth Amendment rights were violated when he broke his leg on September 19, 2016. Plaintiff was attempting to move from his wheelchair onto the toilet in an ADA bathroom, by grabbing the assistance railing bar, when the bar came out of the wall and plaintiff fell to the floor. The fall broke plaintiff's leg in two places. Warden Fox was responsible for daily maintenance of prison facilities and day to day operations of the prison, and it was therefore his responsibility to ensure the safety of all ADA amenities.

Claim Two asserts that plaintiff's Eighth Amendment rights were violated by the deliberate indifference of Dr. Pai, plaintiff's primary care provider at the time of his injury. Plaintiff told Dr. Pai that the splint placed on his leg on September 19, 2016 was causing pressure sores and excruciating pain, but she failed to remove the splint or treat his pain. As the result of the continued splinting, plaintiff developed a gangrenous ulcer on his heel that was discovered by Dr. Casey at San Joaquin general Hospital on October 4, 2016. Dr. Casey recommended a protective boot, but Dr. Pai failed to order one. Following surgery later in October, plaintiff should have been scheduled for follow-up care of the ulcer, including a skin graft, at SJGH; Dr. Pai failed to complete the paperwork to make this happen, resulting in infection of plaintiff's foot.

Claim Three asserts that plaintiff's Eighth Amendment rights were violated by the deliberate indifference of Dr. Trimbur in December 2017, when plaintiff was under that doctor's care in the G3 medical unit. Plaintiff's pressure sore was much worse at this time, "smelling like dead animal, with leaking blood and pus…" Plaintiff had never received the protective boot or corrective surgery he required. He was given antibiotics on several occasions for infection. It took 10 months for plaintiff to obtain a pillow wedge to elevate his foot. As the result of poor medical care, plaintiff's "heel/foot is only skin and bone, with no tissue," and he must wear orthopedic shoes for the rest of his life.

### IV. Claims for Which a Response Will Be Required

The allegations of Claim Two, liberally construed, state a claim against Dr. Pai. Plaintiff has adequately alleged that he suffered from a serious medical condition, and that Dr. Pai was aware of the risk of pressure sores and related infection due to splinting but failed to address the problem, causing plaintiff suffering and further injury. These allegations state a claim for deliberate indifference to medical needs in violation of the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 299 (1991); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Dr. Pai will be required to respond to Claim Two.

### V. Failure to State a Claim

The allegations of Claim One do not state a claim for relief against Warden Fox. As plaintiff was previously informed, a warden's general responsibility for the institution does not make him liable for everything that goes wrong in the prison. See Ashcroft v. Iqbal, 556 U.S at 676 (there is no *respondeat superior* liability under § 1983). To state an Eighth Amendment claim for deliberate indifference to an unsafe condition, plaintiff must allege facts showing (1) that Warden Fox was personally aware that the particular grab bar at issue was dangerous and (2) that he failed to correct the problem knowing that it posed an excessive risk to inmate safety. See Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (deliberate indifference standards govern an Eighth Amendment claim that prison officials unconstitutionally failed to accommodate the safety needs of a disabled prisoner); Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994) (Eighth Amendment violated where defendant prison official is aware of an excessive risk to plaintiff's

safety, and deliberately ignores it). There are no such facts presented here.

Claim Three fails to state a deliberate indifference claim against Dr. Trimbur. The allegations imply that plaintiff's infected ulcers were already severe when he came under Dr. Trimbur's care, and that he received antibiotics. The allegations demonstrate plaintiff's understandable distress that his foot had not healed by December 2017, and that he remained in pain and without the corrective surgery he believes he required. But the facts presented do not establish that anything Dr. Trimbur did or didn't do made plaintiff's condition worse, or that Dr. Trimbur acted with the culpable state of mind necessary for an Eighth Amendment claim.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against Warden Fox or Dr. Trimbur. Plaintiff will be given a final opportunity to amend Claims One and Three if he desires.

Plaintiff may proceed forthwith to serve defendant Dr. Pai on Claim Two (deliberate indifference to medical needs) or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file a Second Amended Complaint. If plaintiff elects to proceed on his claims against defendant Dr. Pai without amending the complaint, the court will proceed to serve the First Amended Complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of Claim One against defendant Fox and Claim Three against defendant Trimbur.

If plaintiff chooses to file a Second Amended Complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official

participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a Second Amended Complaint, the previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the First Amended Complaint state claims against the defendants and some do not. Claim Two, against Dr. Pai, states an Eighth Amendment claim for deliberate indifference to your medical needs. You may proceed on this claim against Dr. Pai.

Claim One does not state a claim against Warden Fox for deliberate indifference to your safety. The warden can only be liable under the Eighth Amendment for failing to make sure the bathroom grab bar was safe if he *knew* that it was likely to come off the wall and did nothing to prevent that from happening. His general responsibility for the safety of the prison is not enough. If you believe there are facts showing that he did know about this specific danger, and failed to take action, you may add those facts in a Second Amended Complaint.

Claim Three does not state a claim against Dr. Trimbur for deliberate indifference to your serious medical needs. Unlike your claim against Dr. Pai, the facts in the complaint do not show that this doctor did or didn't do something in particular that caused you further harm. There are also no facts showing that Dr. Trimbur acted with an attitude of "deliberate indifference" to your health and safety. It sounds like your foot was already in terrible shape when you got to the G3 medical unit, and you are upset that you did not receive the treatment you wanted or experience

improvement. But Dr. Trimbur's general responsibility for your care is not enough to make him liable for this. If you know of additional facts that would address these problems with your claim, you may add them in a Second Amended Complaint.

You have a choice to make. You may either (1) proceed immediately on Claim Two against Dr. Pai and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice Claim One against Warden Fox and Claim Three against Dr. Trimbur. If you choose to amend your complaint, the Second Amended Complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the Second Amended Complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file a Second Amended Complaint or wait for Dr. Pai to be served).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Robert W. Fox (Claim One) and Dr. Trimbur (Claim Three) do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on Claim Two against defendant Dr. Usha Pai, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court

////
////
////
////
////

will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendants Fox and Trimbur for the reasons stated above.

DATED: May 27, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN REED,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT W. FOX et al.,<br><br>        Defendants. | No. 2:19-cv-00275 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on Claim Two against defendant Dr. Usha Pai only, without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Robert W. Fox and Dr. Trimbur.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                              KEVIN REED
                                              Plaintiff pro se