UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN REED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT FOX, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-00275-DJC-AC-P<br><br><u>ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff, a state prisoner proceeding through appointed counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On October 19, 2023, the Magistrate Judge filed her Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within fourteen days.  Both Plaintiff and Defendants have filed objections to the Findings and Recommendations as well as responses to the objections filed by the opposing party.  (*See* ECF Nos. 69-72.)

When a party objects to a portion of a magistrate judge's findings and recommendations, the court must review those portions *de novo*. *See* 28 U.S.C. § 636(b)(1). A district judge need not re-consider those portions of the Findings and Recommendations to which there is no objection. *See, e.g.*, *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). After conducting *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *Ramos*, 65 F.4th at 433 (quoting 28 U.S.C. § 636(b)(1)(C)). In contrast, where no objection is made, that portion of the findings and recommendations are only reviewed for clear error. *See* Fed. R. Civ. P. 72(b).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed on October 19, 2023 are adopted in full.
2. Defendants' Motion to Dismiss (ECF No. 58) is GRANTED IN PART and DENIED IN PART as indicated herein.

////
////
////

---

[1] Defendants do not challenge the Magistrate Judge's construction of the Third Amended Complaint to include in a theory of "deliberate endangerment" to support his ADA and First Amendment Claims. (ECF 68 at 14 ("Plaintiff's allegations establish both a direct threat ('Your time is going to come') and deliberate endangerment (calling plaintiff a 'snitch' within hearing of other inmates), which constitute adverse actions under either section of the statute.").) The Magistrate Judge's conclusion is not clear error given the use of the word snitch and the statement in the Third Amended Complaint that others were "nearby" when the statement was made. (ECF 28 at 22.) Given that leave is being granted to amend other portions of the Complaint, the Plaintiff is also given leave to amend this portion of the Complaint to further expound on facts showing "deliberate endangerment" if Plaintiff so chooses.

3.  The Motion is GRANTED as to:
    a.  Claims One (ADA) and Two (RA) against the individual Defendants to the extent that these claims are based on the grab bar and search issues;
    b.  Claims One (ADA) and Two (RA) to the extent they are based on the denial of a protective boot, knee immobilizer, pillow wedge, and orthopedic shoes;
    c.  Claim Three (Eighth Amendment) as stated against Defendants Tan, Wofford, Bick and Gerbasi;
    d.  Claim Five (Bane Act) as stated against Defendant Tan;
    e.  Claim Six (California Disabled Persons Act) to the extent it is based on the denial of a protective boot, knee immobilizer, pillow wedge, and orthopedic shoes only; and,
    f.  Claims Five, Six, and Seven (the state law claims), without prejudice, on the ground that Plaintiff has not pleaded facts demonstrating or excusing compliance with the claim presentation requirement of the California Government Claims Act.
4.  The Motion is DENIED as to:
    a.  Claims One (ADA) and Two (RA) against CDCR, insofar as these claims are predicated on:
        i.  failure to ensure a safe bathroom grab bar, and
        ii. failure to provide accommodation in the course of the wheelchair search;
    b.  Claims One (ADA) and Two (RA) insofar as they are predicated on retaliation by Defendant Dizon;
    c.  Claim Three (Eighth Amendment deliberate indifference to serious medical need) against Defendant Pai;

        d.       Claim Four (First Amendment retaliation);

        e.       Claim Five (Bane Act) against Defendants Dizon and Pai on all grounds other than for failure to plead compliance with the claim presentation requirement of the California Government Claims Act;

        f.       Claim Six (California Disabled Persons Act) to the extent it is based on:

            i.       failure to ensure a safe bathroom grab bar;

            ii.      failure to provide accommodation in the course of the wheelchair search; and

            iii.     retaliation; and

        g.      Claim Six (California Disabled Persons Act) and Seven (negligence) on all grounds other than for failure to plead compliance with the claim presentation requirement of the California Government Claims Act.

5. Leave to amend is GRANTED as to Claims Five, Six and Seven for the sole purpose of pleading facts demonstrating or excusing compliance with the claim presentation requirement of the California Government Claims Act.  Leave to amend is further GRANTED for the basis stated in footnote 1.  Any amended complaint shall be filed no later than 30 days from the date of this order.

IT IS SO ORDERED.

Dated:   **March 26, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Reed.19cv275.Adopting.FNR

4