UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN REED,

        Plaintiff,

    v.

FOX, et al.,

        Defendants.

No.  2:19-cv-0275 DC AC P

ORDER

Defendants have filed a request to seal documents related to their motion to reopen discovery.  See ECF No. 108.  Specifically, defendants seek to seal (1) an unredacted version of defendants' memorandum of points & authorities in support of their motion to reopen discovery; (2) excerpts from the expert report of Murray Young, M.D.; and (3) excerpts from the deposition of Murray Young, M.D.  Id.  Defendants argue that these documents should be sealed because they "include confidential information related to Plaintiff's medical condition, and that Plaintiff has marked documents (2) and (3) 'Confidential' under the protective order in this matter."  Id. at 1-2.  Plaintiff has not filed an opposition to this motion.

Under Local Rule 141, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law."  L.R. 141(a) (E.D. Cal. 2023).  A party seeking to seal documents "shall submit . . . a 'Notice of Request to Seal Documents,' a 'Request to Seal Documents,' a proposed order, and all documents covered by the request."  L.R. 141(b).

There is a presumptive right of public access to court records based upon the common law

1

and the First Amendment.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212-13 (9th Cir. 2002). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal a judicial record must overcome the strong presumption by meeting the "compelling reasons" standard.  Foltz, 331 F.3d at 1135.  That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102–03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990)).  Accordingly, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret.  Foltz, 331 F.3d at 1135.  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad, 49 F.3d at 1434 (citing Valley Broadcasting Co. v. U.S. Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

Here, defendants' have complied with procedural requirements under Local Rule 141. However, because they fail to establish a compelling reason to seal these documents and information, their request will be denied.

Although medical information is sensitive by nature, the court does not automatically seal any information relating to a party's medical information.  There must be a compelling reason to do so.  The fact that plaintiff designated the expert report and transcript of the expert deposition as "Confidential" under the protective does not in and of itself provide a compelling reason for sealing these records.  The stipulated protective order defines "Protected Material" as any disclosure or discovery designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  ECF NO. 85 at 3.  The stipulated protective order, in pertinent part, states that

"[t]he parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal" and "[p]ursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing the Protected Material at issue is entitled to protection under the law." Id. at 2, 14.  Put differently, the parties stipulated to and understood that *regardless* of the protective order, a party seeking to seal information designated "Protected Material"/"CONFIDENTIAL" would have to establish a compelling reason why the information should be sealed.  Because citation to the protective order is not enough, defendants have not met their burden.

Additionally, it appears that the information defendants seek to protect relates to plaintiff's physical medical conditions, which are pertinent and necessary to resolve this matter, and information plaintiff plans to rely on.  As plaintiff states in his opposition to defendants' motion to reopen discovery, plaintiff's asserted injuries are and always have been "in controversy." ECF No. 110 at 7-9.

Moreover, plaintiff's use of this information, which relates to him, in a publicly accessible filing moots the issue and confirms that there is no compelling reason why this information should be filed under seal.  See ECF Nos. 110, 110-3.  For example, in plaintiff's opposition to defendants' motion to reopen discovery, plaintiff refers to the same and/or similar information regarding his medical conditions that defendants have redacted from their memorandum of points & authorities and that Dr. Young testified to in the portions of Dr. Young's excerpted deposition transcript defendants' request be sealed.  Id. at 4-5, 7-9.  In the same filing, plaintiff attaches excerpts from Dr. Young's expert report, which included six of the nine pages from the same excerpted report defendants' request be sealed.  ECF No. 110-3 at 2-5, 10-11.  The other three pages contain information regarding plaintiff's medical conditions, which, as discussed above, he has already disclosed.  They also contain Dr. Young's calculation regarding damages, which is not information typically sealed.

////

////

////

3

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' request to seal (ECF No. 108) is DENIED.

2.  Within 5 days from the date of this order, defendants shall file the unredacted version of defendants' memorandum of points & authorities in support of their motion to reopen discovery, (2) Exhibit I, excerpts from the expert report of Murray Young, M.D., and (3) Exhibit J, excerpts from the deposition of Murray Young, M.D.

DATED: January 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE