UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN REED,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | No. 2:19-cv-0275 DJC AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding with court-appointed counsel[1] in this 42 U.S.C. § 1983 action, has filed a motion for sanctions against defendant California Department of Corrections and Rehabilitation ("CDCR") pursuant to Fed. R. Evid. 37(e) due to alleged spoliation of records relevant to this litigation. ECF No. 118. The case is before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's motion for sanctions was filed on January 23, 2026. Id. CDCR filed an opposition on February 13, 2016 (ECF No. 133), and plaintiff filed a reply on February 20, 2026 (ECF No. 134).[2] After thorough

[1] Counsel was initially appointed for the limited purposes of preparing the Third Amended Complaint. ECF No. 26. The appointment was extended to cover participation in ADR, ECF No. 41, and then to discovery and the litigation of dispositive pretrial motions, ECF No. 57.

[2] Consistent with the court's August 13, 2026 Minute Order, plaintiff also re-filed several unsealed and redacted exhibits on August 17, 2016. ECF No. 145.

consideration of the briefing and attached exhibits, the undersigned DENIES the motion.

## I. Background

### A. Plaintiff's Third Amended Complaint

Plaintiff is a paraplegic man who was incarcerated at California Medical Facility ("CMF") at the time of the events in question. ECF No. 28 (Third Amended Complaint) at 1-3. His Third Amended Complaint alleges that between May 2016 to July 2016, plaintiff repeatedly notified defendants that he had heard a cracking noise coming from the wall each time he used the grab bar next to his dorm's ADA accessible toilet. Defendants failed to inspect, repair, or replace the grab bar. ECF No. 28 at 1-3, 6, 12-14. On September 19, 2016, while plaintiff was using the grab bar to transfer himself from his wheelchair to the toilet, the defectively installed and/or maintained grab bar broke, causing plaintiff to fall and fracture his leg. Id. at 2-3, 14. After the injury plaintiff was denied critically necessary medical care, which caused him severe physical, mental, and emotional pain and suffering. Id. at 2-3, 14. As a result of defendants' actions and/or inaction, plaintiff now has 7 screws and a metal plate in his left leg, a 12-inch scar on the leg, and a 2-centimeter-wide hole in his left foot due to defendants' failure to properly treat a related pressure sore on his heel. Id. at 25. After plaintiff broke his leg, he notified defendants about his pain and medical needs—which were corroborated by San Joaquin General Hospital ("SJGH") physicians—but defendants refused to provide him with necessary medical care, and they denied and/or delayed his requests for reasonable accommodations. ECF No. 28 at 2-3, 6. Relevant to plaintiff's allegations of spoliation by CDCR, the Third Amended Complaint alleges violation of the Americans with Disabilities Act ("ADA claim"), violation of the Rehabilitation Act ("RA claim), deliberate indifference to his serious medical needs in violation of the Eighth Amendment, retaliation by a correctional officer, and several state law claims.

### B. Plaintiff's Motion for Sanctions and Defendants' Opposition

Plaintiff's motion for sanctions alleges that CDCR "failed to preserve critical medical and American with Disabilities Act (ADA)/disability-related records that bear directly on Mr. Reed's injury and subsequent treatment at issue in this litigation." ECF No. 118-1 at 5. First, plaintiff alleges that "the initial injury report (form 7219), daily and weekly medical assessments, and

photographs of Mr. Reed's wound" are missing from CDCR's produced medical records. Id. Second, plaintiff alleges that CDCR failed to produce "the 2016 California Medical Facility (CMF) ADA Coordinator Tour Logbook", which plaintiff describes as "the definitive record of required ADA-related activities related to maintenance of ADA assets and features – including the toilet grab bar that failed and broke completely off the wall while Mr. Reed accessed the toilet," resulting in his injury. Id. After CDCR advised plaintiff that it was unable to locate these records after a reasonable search, plaintiff filed the instant motion asking the court to order an adverse inference and, at trial, issue jury instructions that (1) the missing medical records support plaintiff's testimony that his worsening pressure sore was not checked, and (2) the missing ADA Coordinator Logbook supports plaintiff's claim that CDCR failed to comply with legal and policy requirements for inspection and maintenance of ADA assets and was on notice of the issues with the toilet grab bar that failed. Id. at 6.

Defendants categorically deny that any spoliation took place, and argue that plaintiff's motion assumes several documents, including a form 7219 medical report of injury, wound treatment notes, and ADA Coordinator Logbook, are missing when these documents never existed in the first instance. ECF No. 133 at 2. Defendants do concede that three photographs of plaintiff's heel taken on October 17, 2016 were inadvertently not placed into plaintiff's paper medical file so they could later be scanned into his electronic health record, but argues no prejudice resulted to plaintiff as the condition of plaintiff's heel was described in the corresponding nursing note. Id. Finally, because an adverse-inference sanction is only appropriate where a party purposefully destroyed evidence to avoid its use in litigation and plaintiff has not presented any evidence to support such a finding, defendants contend that plaintiffs' motion should be denied. Id.

1. Injury Report, Daily/Weekly Medical Assessments, and Wound Photographs

As noted above, plaintiff first alleges that "the initial injury report (form 7219), daily and weekly medical assessments, and photographs of Mr. Reed's wound" are missing from CDCR's produced medical records, although those items should have been maintained pursuant to CDCR's policies. Specifically at issue is a Form 7219, Medical Report of Injury or Unusual

Occurrence, documenting plaintiff's September 19, 2016 fall. Defendants assert that completion of a Form 7219 was not mandatory under CDCR policy, and that no such form was generated for this incident. ECF No. 133 at 5-6.

Plaintiff also points to a "10-day wound assessment gap in Mr. Reed's medical file," and argues that spoliation is indicated by the deposition testimony of individual treating medical providers, including Dr. Pai and Nurse Tan, which suggests that any bandage changes and/or visual inspection of plaintiff's pressure sore on his left heel should have been well-documented in the treatment notes in compliance with CDCR's Wound Care Policy and other policies in place in 2016.[3] ECF No. 118-1 at 9-10. Based on the absence of any Form 7219 related to his fall, or any heel-related entries in plaintiff's medical records describing dressing changes and pressure sore checks between September 23 and October 4, 2016, plaintiff asserts that "CDCR destroyed the records that would clarify this issue." Id. at 10. Defendants respond that because plaintiff did not have an open wound on his heel in this time frame, no wound care was necessary and no wound care documents were created. ECF No. 133 at 7-8.

Third, plaintiff alleges that one of his treatment records reference photos of plaintiff's pressure sore on his heel taken on October 17, 2016, but that no such photographs have been produced.[4] ECF No. 118-1, Ex. 11 at DEF002944. Plaintiff contends that "there remains an unknown number of purported medical contacts, physician orders, bandage changes, pictures, and measurements that are completely missing from Defendants' documents" that would have clarified the condition of plaintiff's heel at that time. Id. at 11. Defendants concede that the photos of plaintiff's heel referenced in the October 17, 2026, nursing note were inadvertently lost in 2016 or 2017 when they were not printed out to be included in his physical medical file, and

---

[3] For example, plaintiff notes that defendant produced "treatment and miscellaneous observation forms" that show three daily nursing encounters with Mr. Reed, but none of those forms stated that plaintiff received a bandage change or removal of his hard splint to inspect his heel. Id. at 10.

[4] Plaintiff asserts that defendants similarly failed to produce an October 10, 2016 treatment note from plaintiff's surgeon describing "ulcerations in the bottom of his left heel" because CDCR had deleted it, causing plaintiff to have to obtain that record from other treating providers at SJGH. Id. at 11.

were therefore later omitted when CDCR scanned his paper record to create his electronic unit health record. ECF No. 133 at 9-10. However, because defendants were not put on notice of plaintiff's claims until they were served with a Third Amended Complaint in this matter in 2022, defendants argue that they had no duty to preserve documents relating to plaintiff's heel pressure injury until long after the photos had been inadvertently lost. Id. at 10.

2. ADA Coordinator Logbook

Finally, plaintiff alleges the CDCR's Armstrong policy, as set forth in the March 20, 2009 Memorandum, required the ADA coordinator at CMF to "tour each unit/building/wing and other areas of the institution where inmates live/work/attend at least once monthly" to interview staff and inmates and "provide visual checks" to ascertain whether staff are appropriately maintaining ADA assets/features and "personally maintain a logbook or other acceptable logging system to confirm checking the specific areas." ECF No. 118-1 at 11-12; ECF No. 118-8, Ex. 6 at 2. Plaintiff contends that Steve Pryor, former ADA coordinator at CMF, testified during his deposition about such a logbook although he could not remember how it was kept. Because no such logbook was produced by CDCR, plaintiff asks for a presumption that all deleted/lost information was unfavorable to defendants.

Defendants assert that Mr. Pryor could not recall if he was the ADA coordinator in September 2016, and in fact, he was not. ECF No. 133 at 8. But in any event, no such logbook was maintained by the ADA Coordinator at CMF in 2016 which is the reason no such document was produced by defendants. Id. at 9.

## II. Analysis

The threshold question—before the issue of potential sanctions can be reached—is whether spoliation occurred. Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation. Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009). Federal Rule of Civil Procedure 37(e) provides the elements for spoliation of electronically stored information ("ESI"). Under Rule 37(e), spoliation occurs if: (1) the relevant ESI "should have been preserved" for the litigation; (2) it "is lost because a party failed to take reasonable steps to preserve it"; and (3) it

"cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). "The moving party bears the burden of establishing that spoliation occurred by demonstrating that the non-moving party destroyed the documents and had some notice of the document's relevance to the litigation before they were destroyed." Deerpoint Grp., Inc. v. Agrigenix, LLC, No. 1:18-cv-00536-AWI-BAM, 2022 WL 16551632, at *11 (E.D. Cal. Oct. 31, 2022). The applicable standard of proof is a preponderance of the evidence. Id.

The court is not persuaded that spoliation occurred here with respect to the various items plaintiff identified. The deposition testimony provided by the parties does not establish by a preponderance of the evidence that plainly relevant and discoverable documents were destroyed by CDCR. To the contrary, with the sole exception of the October 2016 photographs of plaintiff's heel, the parties disagree regarding whether these documents ever existed. Plaintiff presupposes that because certain records *should* have created or routinely kept by CDCR pursuant to various policies, CDCR necessarily did so and must have failed to preserve or destroy those records. As an example, plaintiff argues that defendants "failed to preserve" an ADA Coordinator Logbook, when in fact, Mr. Pryor testified that he could not recall whether he maintained a logbook documenting his tours of the units, the title of such a document, or what would have been included. ECF No. 118-15, Ex. 13 at 91:18-93:16.[5] The same is equally true of the form 7219 medical report of injury and pressure sore wound treatment notes. Without more, plaintiff's conclusion of spoliation is not adequately supported.[6]

Finally, even if spoliation took place with respect to CDCR's destruction of the three October 2016 photographs of plaintiff's heel, courts may issue substantial sanctions, including an adverse inference instruction or dismissal, "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). See

---

[5] Mr. Pryor did not testify that he kept a logbook, even though he speculated that if he did, it would be stored in the ADA coordinator's office or "possibly plant operations, maybe" and could include "the date" and "the purpose" of his tours. See ECF No. 118-1, Ex. 13. at 92:2-93:13.

[6] While the court is highly sensitive to plaintiff's frustration at having to request certain treatment records from plaintiff's surgeon at SJGH because CDCR deleted those treatment notes, for example, this is also an example of missing documents that could be—and were—restored or replaced through additional discovery.

also Gregory v. Montana, 118 F.4th 1069, 1077-78 (9th Cir. 2024) (district court abused its discretion by imposing adverse-inference sanctions without finding "intent to deprive another party of the information's use in the litigation" pursuant to Rule 37(e)(2)). Rule 37(e) does not define intent, but "the word is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party. Jones v. Riot Hosp. Grp. LLC, 95 F.4th 730, 735 (9th Cir. 2024); see also Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment (stating that negligence or even gross negligence is insufficient). The court is not persuaded that defendants' duty to preserve the photographs in anticipation of this litigation pre-dated service of the Third Amended Complaint in this matter, as plaintiff alleges. Even if it did, plaintiff has made no showing that CDCR omitted these photographs from plaintiff's paper or electronic record with specific intent to deprive plaintiff of those photographs in this litigation and they were not inadvertently lost as part of CDCR's scanning process. Plaintiff has not provided evidence of intent sufficient to warrant adverse inference sanctions.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions, ECF No. 118, is DENIED.

DATED: August 19, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE